UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **EDDIE LANG** | **CIVIL ACTION NO. 3:17-CV-1073** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE ROBERT G. JAMES** |
| **JEFF LANDRY, ET AL** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se petitioner Eddie Lang is an inmate in the custody of the Louisiana Department of Corrections, confined at the Louisiana State Penitentiary. In this petition, he attacks his 2006 conviction for second degree murder and the life sentence imposed by Louisiana's Fourth Judicial District Court, Morehouse Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

*Statement of the Case*

On April 21, 2006, petitioner was found guilty of second degree murder in the Fourth Judicial District Court, Morehouse Parish. On July 11, 2006, a mandatory life sentence was imposed. He appealed his conviction to the Second Circuit Court of Appeals raising claims of insufficiency of the evidence, juror misconduct and ineffective assistance of counsel. On May 30, 2007, his conviction was affirmed. *State of Louisiana v. Eddie Lang*, 42,125 (La. App. 2 Cir. 5/30/2007), 960 So.2d 318. His application for writs was denied by the Louisiana Supreme Court on January 11, 2008. *State of Louisiana v. Eddie Lang*, 2007-1469 (La. 1/11/2008), 972 So.2d 1161. He did not seek further direct review in the United States Supreme Court. [Rec. Doc. 6, p. 3, ¶9(h)]

On January 4, 2010, he filed a pro se application for post-conviction relief in the Fourth Judicial District Court. He raised four claims for relief: (1) failure of the trial court to advise petitioner of his right to conflict-free representation; (2) failure of the trial court to conduct an adequate inquiry into possible conflict of interest after having been alerted to same; (3) conflict of interest based upon defense counsel's friendship with a member of the victim's family; and (4) ineffective assistance of counsel. The application was denied on May 11, 2010. [Rec. Doc. 6-3, pp. 2-3]

Petitioner sought further review in the Second Circuit Court of Appeals raising the post-conviction claims noted above, along with an additional claim of ineffective assistance of appellate counsel. His writ application was denied by the Second Circuit Court of Appeal on August 12, 2010. The Court denied relief noting, "Regarding the claims of his constitutional right to conflict-free counsel, applicant has failed to meet his burden of stating a factual basis with reasonable particularity upon which relief would be warranted. Regarding his claims of juror misconduct and ineffective assistance of trial counsel in relation thereto, the trial court correctly concluded that this matter was fully litigated on appeal and should not be considered pursuant to a post-conviction relief application. Lastly, regarding the applicant's claim of ineffective assistance of appellate counsel, we note that this claim is new and was not ruled on by the district court. Accordingly, this Court's supervisory jurisdiction cannot be invoked for review of same." [Rec. Doc. 6-3, pp. 4-5] Thereafter his writ application was denied by the Louisiana Supreme Court, without comment, on September 23, 2011. *State of Louisiana ex rel. Eddie Lang v. State of Louisiana,* 2010-2088 (La. 9/23/2011), 70 So.3d 806; *see also* Rec. Doc. 6-3, p 32.

On March 18, 2013, petitioner filed a second application for post-conviction relief in the

Fourth Judicial District Court. This application was denied as repetitive on April 19, 2013. He apparently did not seek further review of the denial of his second application for post-conviction relief. [See Rec. Doc. 6, p. 4]

On July 3, 2013, petitioner filed, in this Court, a petition for writ of habeas corpus pursuant to Section 2254, raising the following claims for relief: (1) Petitioner is in custody in violation of his Sixth and Fourteenth Amendment Rights to (a) effective trial counsel; and (b) conflict-free trial counsel. *Eddie Lang v. Warden Burl Cain*, No. 3:13-cv-2263. On September 5, 2013, the undersigned recommended dismissal of petitioner's claims, as they were time barred. *Id.* at Rec. Doc. 4. On October 7, 2013, Judge Robert G. James adopted the recommendation, ordered dismissal with prejudice, and denied petitioner's application for Certificate of Appealability (COA). *Id.* at Rec. Docs. 6 & 7. On April 4, 2014, the United States Fifth Circuit Court of Appeals also denied COA. *Eddie Lang v. Warden Burl Cain*, No. 13-39103; *see also* 3:13-cv-2263 at Rec. Doc. 13.

On January 27, 2017, petitioner filed an "Application for Post Writ of Habeas Corpus" into the Twentieth Judicial District Court, West Feliciana Parish, bearing Docket Number 17-WCR-049. The application was denied on February 3, 2017. [Rec. Doc. 6-3, pp. 8-9] Petitioner then sought writs in the First Circuit Court of Appeal; same was denied on June 16, 2017. *Id.* at pp. 11-12. In denying writs, the First Circuit held, "...this Court finds plaintiff's assertions that 'the indictment accusing applicant of Second Degree Murder is a forged document fraudulently manufactured by then District Attorney Charles Brumfield and Grand Jury foreperson Tanika Christian' to be unsubstantiated and devoid [of] sufficient persuasive evidence to support a finding that the Grand Jury Bill of Indictment is a fraudulently manufactured document." *Id.*

Petitioner filed the instant petition on July 10, 2017, in the Middle District of Louisiana. [Rec. Doc. 1] On August 24, 2017, Judge Richard L. Bourgeous, Jr. transferred the matter to this Court. [Rec. Doc. 2] Asserting that he is in possession of facts not known at the time of his first petition, petitioner raises two claims for relief herein, both alleging that he was denied his right to Due Process of Law guaranteed by the 14th Amendment of the United States Constitution because the Indictment by which he was tried and convicted is fundamentally defective, forged and fraudulently manufactured by the District Attorney and the Grand Jury Foreperson, therefore depriving the trial court of proper jurisdiction. [Rec. Doc. 6-2, pp. 1-2]

***Law and Analysis***

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

This is the second petition for *habeas corpus* filed by this petitioner attacking his murder conviction and the life sentence imposed by the Fourth Judicial District Court. Although AEDPA does not set forth what constitutes a "second or successive" application, the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998); *see also Crone v. Cockrell,* 324 F.3d 833.

As noted above, Lang's first petition for *habeas corpus* was dismissed with prejudice as time-barred. A *habeas* petition dismissed as time-barred is considered as having been adjudicated on the merits for the purposes of the gate-keeping rules on successive petitions. *In re: Flowers*, 595

F.3d 204 (5th Cir.2009). In the instant petition, while Lang purports to rely upon "new evidence" obtained in his October 2015-February 2016 public records search [Rec. Doc. 6-2, p. 3], he has alleged no reason why this information could not have been obtained at the time of the filing of his first petition. Accordingly, the claims in the petition before this Court could have been raised in an earlier petition.

Before a second or successive petition may be considered by this Court, Lang must obtain authorization to file the second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A).[1] The record does not show in this case that he has received such authorization. Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Therefore, the undersigned finds that this petition should be dismissed.[2]

Accordingly;

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

---

[1] 28 U.S.C. § 2244(b)(3)(A) provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[2] Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred). Under the facts and circumstances of this case, the undersigned concludes that the appropriate action for this Court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

In Chambers, Monroe, Louisiana, on October 20, 2017.

                                                **KAREN L. HAYES**
                              **UNITED STATES MAGISTRATE JUDGE**